# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

MICHAEL BENJAMIN                                                                        PETITIONER

v.                             NO. 5:16-cv-00253 BRW-PSH

WENDY KELLEY, Director of the                                                           RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## FINDINGS AND RECOMMENDATION

The record reflects that on August 29, 2007, petitioner Michael Benjamin ("Benjamin") was convicted in an Arkansas state trial court of two counts of delivery of a controlled substance and sentenced to the custody of the Arkansas Department of Correction. See Document 19, Exhibits 1 and 2. He appealed his convictions. See Id.[1] The Arkansas Court of Appeals found no reversible error and affirmed his convictions. See Id.

On November 25, 2008, Benjamin filed a state trial court petition for post-conviction relief and challenged his 2007 convictions. See Document 19, Exhibits 1 and 2.[2] The petition was denied, and Benjamin did not appeal the adverse ruling. See Id.

On January 23, 2009, Benjamin collaterally attacked his 2007 convictions by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 in the United States District Court for the Western District of Arkansas. See Benjamin v. Kelley, 5:09-CV-05019; Document 19, Exhibits 1 and 2. In the petition, he raised the following four claims: 1) the state trial court lacked jurisdiction, 2) his right to due process was denied because he was mis-identified in the police reports and a confidential informant was a

---

[1] On appeal, Benjamin raised the following three claims: 1) the evidence was insufficient to support his convictions, 2) the trial court erred when it refused to give an instruction on probation, and 3) his sentence violated the United States and Arkansas Constitutions. See Document 19, Exhibits 1 and 2.

[2] United States District Judge Jimm Larry Hendren, the district court judge who presided over Benjamin's first federal habeas corpus petition, construed Benjamin's petition for post-conviction relief to contain the following four claims: 1) lack of jurisdiction, 2) Benjamin's right to due process was denied because of inconsistencies in the police reports, 3) evidence admitted at trial lacked a proper foundation, and 4) counsel failed to challenge sentencing evidence. See Document 19, Exhibits 1 and 2.

convicted felon, 3) there were numerous evidentiary errors at trial, and 4) his trial attorney was ineffective because counsel failed to challenge Benjamin's sentence. See Id. United States District Judge Jimm Larry Hendren adopted the report and recommendation of United States Magistrate Judge James Marschewski and dismissed Benjamin's petition with prejudice. See Id. Judge Hendren did so because Benjamin's claims lacked merit or were procedurally barred from federal court review. See Id.

The records maintained by the Clerk of the United States Court of Appeals for the Eighth Circuit reflect that on January 15, 2016, Benjamin filed a "Motion for Certificate of Appealability" in 5:09-CV-05019 with the Court of Appeals. The Court of Appeals construed the motion, in part, as an application for permission to file a successive petition for federal habeas corpus relief. See Document 19, Exhibit 3. The Court of Appeals denied the "Motion for Certificate of Appealability" and application for permission to file a successive petition for federal habeas corpus relief. See Id.

On August 5, 2016, Benjamin commenced the case at bar and collaterally attacked his 2007 convictions a second time by means of a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he raised the following claims:

> Actual innocence, petitioner was not charged with delivery of meth, due process violation. I was charged with aggravated assault, possession of a controlled substance, simultaneous possession of drugs and firearm, and furnishing prohibited articles to [a] prisoner. When I refuse[d] to plea to these charges, I was convicted of delivery of meth, a crime for which I was not charged. (The arrest was capture[d] on the arresting officers['] dash-cam.)

>    Ineffective assistance of counsel. Trial counsel failed to explore exonerating evidence by not submitting police reports, booking sheets, bond contact, and preliminary reports (the charging instrument).
>
>    Trial court lacked jurisdiction. The trial court lacked subject-matter jurisdiction as I was not charged with delivery of meth. The state['s] case was fabricated.
>
>    Prosecutorial misconduct. The conviction resulted from the prosecution's knowing use of false testimony at trial/perjury testimony and false evidence.

See Document 2 at CM/ECF 5-10. Benjamin buttressed his claim of actual innocence by filing a number of supporting documents, including police reports; a booking sheet from the Washington County, Arkansas, Detention Center; a bond contract; and a "charging instrument." See Document 2 at CM/ECF 13, 16-26.

Respondent Wendy Kelley ("Kelley") responded to Benjamin's petition by filing the pending motion to dismiss. See Document 18. In the motion, Kelley maintained that Benjamin's petition should be dismissed for the following reason:

>    [Benjamin] previously challenged these convictions in a federal habeas action that was dismissed with prejudice on July 15, 2009. Benjamin v. Norris, No. 5:09-CV-05019-JLH, Docs. 11, 17 (W.D.Ark.).
>
>    More than six years later, on January 15, 2016, [Benjamin] filed a "Motion for Certificate of Appealability," which was treated by the Eighth Circuit Court of Appeals as an application for permission to file a successive habeas corpus petition. On March 29, 2016, the Eighth Circuit denied both the petition for authorization to file a successive habeas application in the district court and [his] application for a certificate of appealability. Benjamin v. Kelley, No. 16-1124 and No. 16-1126, Judgment (8th Cir., March 29, 2016).

> Because Benjamin has already litigated a habeas corpus proceeding to conclusion concerning his 2007 convictions, and because he has not obtained permission to file this second or successive action, jurisdiction does not lie under 28 U.S.C. 2244(b)(3)(A), and the petition must be dismissed.

See Document 18 at CM/ECF 1-2.

Before giving serious consideration to Kelley's assertion, the Court accorded Benjamin an opportunity to file a response to the motion to dismiss. Benjamin did not file a response addressing the motion, and the time for doing so has now passed.

The filing of a second or successive petition is governed by 28 U.S.C. 2244(b)(3)(A). It provides the following: "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The phrase "second or successive" is a "term of art and not every habeas petition that is second in time requires pre-authorization." See Williams v. Hobbs, 658 F.3d 842, 853 (8th Cir. 2011). "Where a [petitioner] could not have raised a claim in his first habeas petition because it had not yet arisen, he will be allowed to seek a second habeas petition without first obtaining [pre-authorization]." See Id.

The petition at bar is Benjamin's second collateral attack on his 2007 convictions by means of a petition pursuant to 28 U.S.C. 2254. The question is whether he was required to obtain permission, or pre-authorization, from the Court of Appeals before filing his petition.

-5-

Liberally construing Benjamin's pro se petition, he maintains that his petition should be considered without satisfying the pre-authorization requirement because he is actually innocent. His position is unconvincing, and the undersigned finds that he must comply with the pre-authorization requirement. The undersigned so finds for three reasons. First, the undersigned knows of no authority supporting the proposition that actual innocence will excuse compliance with the pre-authorization requirement. Second, assuming a showing of actual innocence will excuse compliance with the pre-authorization requirement, the claims contained in the petition do not establish or even suggest his actual innocence. The claims are old claims in that Benjamin knew or should have known of them by no later than August 29, 2007, i.e., the day he was convicted, and could have raised them in his first federal habeas corpus petition. In fact, he raised at least three of the claims in his prior federal habeas corpus petition.[3] Third, to the extent the claims can be considered new, "[e]ven new claims based on new evidence cannot be raised in a second or successive habeas petition without pre-authorization from the apposite federal appellate court." See Caroon v. Hammer, 2013 WL 5359559 at 3 (D.Minn. 2013).

---

[3] In the petition at bar, Benjamin alleges that he was never charged with delivery of methamphetamine and the state trial court lacked subject matter jurisdiction. Judge Hendren rejected both claims on the merits when he dismissed Benjamin's first federal habeas corpus petition. See Document 19, Exhibits 1 and 2. Benjamin also alleges that his trial attorney was ineffective because counsel failed to explore exonerating evidence in the form of police reports, booking sheets, a bond contact, and preliminary reports (the charging instrument). Judge Hendren rejected the claim as procedurally barred from federal court review when he dismissed Benjamin's first federal habeas corpus petition. See Id. Benjamin additionally alleges that the prosecutor engaged in misconduct when he utilized false or perjured testimony and false evidence. Although this claim appears to be new, it is supported by no facts.

The undersigned finds that the petition at bar is a second or successive petition, and Benjamin was required, but failed, to obtain pre-authorization to file it. It is therefore recommended that Kelley's motion to dismiss be granted and this petition be dismissed without prejudice so that Benjamin may seek pre-authorization to file his petition from the Court of Appeals.[4] All requested relief should be denied and judgment should be entered for Kelley. A certificate of appealability should also be denied. See 28 U.S.C. 2253.

DATED this 18th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] In Bates v. Norris, 2006 WL 3741925 (E.D.Ark. December 18, 2006), the petitioner failed to obtain pre-authorization from the Court of Appeals before filing his petition. He recognized his problem and asked that his petition not be dismissed without prejudice but instead be transferred to the Court of Appeals. His request was granted, and his petition was simply transferred to the Court of Appeals. Benjamin has failed to make such a request, and he has not offered a good reason for transferring his petition.